**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAUL E. LUCAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:16CV142 CEJ |
| ) | |
| SCOTT LAWRENCE, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Paul Lucas for a writ of habeas corpus under 28 U.S.C. § 2254. Because the petition appears to be barred by the statute of limitations, petitioner will be ordered to show cause why it should not be dismissed.

Petitioner pled guilty to trafficking drugs in the second degree. *Missouri v. Lucas*, No. 14JE-CR01351-01 (Jefferson County). On December 9, 2014, the court sentenced him to eight years in the Missouri Department of Corrections, to be served concurrently with two other sentences. Petitioner did not appeal, and he did not file a timely motion for postconviction relief. On December 21, 2015, petitioner filed a motion in the sentencing court requesting an order directing the Department of Corrections to credit him with time served under Section 558.031 of the Missouri Revised Statutes. The motion remains pending at this time.

In the instant petition, petitioner argues that he has been unlawfully denied credit towards time served in jail awaiting trial, and he seeks an order directing the Department of Corrections to give him the proper credit.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas

corpus. Where, as here, a Missouri petitioner does not take an appeal, the judgment becomes final ten days after its entry. *See* Mo. R. Civ. P. 81.04(a). If a petitioner files a proper postconviction proceeding, the limitations period is tolled while that action is pending. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006).

In this case, the judgment became final on December 19, 2014. Because petitioner did not file a motion for postconviction relief, the limitations period ended on December 19, 2015. Petitioner filed the instant motion on January 30, 2016. As a result, it appears that the petition is barred by the limitations period. Before taking any further action, the Court will give petitioner the opportunity to explain why the petition should not be dismissed. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (the Court must provide notice to petitioner before *sua sponte* dismissing habeas action as untimely).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner must show cause in writing, not later than twenty-one (21) days from the date of this Order, why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERD** that if petitioner fails to respond to this Order, the petition will be dismissed without further notice.

Dated this 4th day of March, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE