UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL E. LUCAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV142 CEJ |
| | ) | |
| SCOTT LAWRENCE, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM

This matter is before the Court on the petition of Paul Lucas for a writ of habeas corpus under 28 U.S.C. § 2254. Because the petition fails to state a cognizable claim for habeas relief and is untimely, the Court will dismiss it without further proceedings. *See* 28 U.S.C. § 2254 Rule 4.

Petitioner pled guilty to trafficking drugs in the second degree. *Missouri v. Lucas*, No. 14JE-CR01351-01 (Jefferson County Circuit Court). On December 9, 2014, the court sentenced him to an eight-year term of imprisonment, to be served concurrently with two other sentences. Petitioner did not appeal and did not file a timely motion for postconviction relief. On December 21, 2015, petitioner filed a motion in the sentencing court requesting an order directing the Department of Corrections to credit him with time served under Mo.Rev.Stat. § 558.031. The motion remains pending at this time.

In the instant petition, petitioner argues that he has been unlawfully denied credit towards time served in jail awaiting trial, and he seeks an order directing the Department of Corrections to give him the proper credit.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final in which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not take an appeal, the judgment becomes final ten days after the judgment is entered. *See* Mo. R. Civ. P. 81.04(a). If a petitioner files a proper postconviction proceeding, the limitations period is tolled while that action is pending. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006).

In this case, the judgment became final on December 19, 2014. Because petitioner did not file a motion for postconviction relief, the limitations period ended on December 19, 2015. Petitioner filed the instant motion on January 30, 2016. Therefore, the petition is time-barred unless petitioner qualifies for equitable tolling.

Petitioner argues that the limitations period should be tolled because he wrote several letters to the Department of Corrections and the Jefferson County Clerk of Court, and he was required to wait for them to respond.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50. Petitioner has shown neither that he diligently pursued his rights or that an extraordinary circumstance stood in his way. As a result, the petition is time-barred and must be dismissed. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Additionally, whether the Department of Corrections correctly determined petitioner's eligibility for sentencing credit under Section 558.031 is a matter of state law. Therefore, his claim is not cognizable in a federal habeas proceeding.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

A judgment consistent with this opinion will be entered separately.

Dated this 16th day of March, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE